No. 25-1995

———————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

In re CHARITY MAINVILLE,
Petitioner.

———————————————

From the United States District Court
for the Middle District of North Carolina
Civil Action 1:25-cv-417 and 1:25-cv-302

———————————————

**NOTICE OF EMERGENCY CIRCUMSTANCES PENDING REHEARING**

———————————————

Petitioner respectfully submits this notice to advise the Court of ongoing and worsening circumstances since the filing of her petition for rehearing in this matter.

Petitioner is not asking this Court to intervene in her underlying state-court proceedings. Rather, she has sought relief in the district court through an initial Motion for Temporary Restraining Order filed May 23, 2025, which was denied, followed by a Motion to Amend that has remained pending for four months, and a Renewed Motion for Temporary Restraining Order filed June 13, 2025 and supplemented on July 31, 2025. These filings all seek to enjoin unconstitutional state-court actions described in her § 1983 complaint (Case No. 1:25-cv-417), and they remain pending without ruling.

1

In her original petition and petition for rehearing, Petitioner explained that the district court's refusal to act has allowed Defendants to escalate retaliation and unconstitutional conduct in state court. Since the filing of her rehearing petition and within the past twenty-four hours, further violations have occurred that amplify the imminent and irreparable harm already documented in the record. Petitioner has filed a "Notice of Obstruction and Due Process Violations" in Wake County District Court (Exhibit 1), detailing these new developments. A state-court hearing is now set for Thursday, September 25, 2025.

The state court has also blocked Plaintiff's access to orders. An order entered on September 18, 2025 has not been served and is not available online. Plaintiff has emailed the court requesting a copy and has received no response. This lack of service and transparency deprives Plaintiff of due process and underscores the urgency of immediate federal relief.

Petitioner has already filed multiple supplemental requests in the district court, including a renewed TRO with supplement, motions to compel, and an amended complaint presenting additional claims that have arisen while the ruling has remained pending, all to no avail. Because she has been denied CM/ECF access in the district court without legal basis, she cannot provide same-day notice there and must rely on mailing. Even with an expedited fee, delivery would not occur until at least Monday, and with standard priority service there is no

2

assurance the court would receive the filing before the state-court hearing. In addition, Petitioner cannot travel the significant distance required to file in person due to work obligations and scheduling constraints.

Petitioner respectfully files this notice so the Court is aware of the escalating constitutional violations while her petition for rehearing is under consideration. Petitioner does not seek to override the district court's authority, but because she has no CM/ECF access there, this filing provides the only means to notify both courts quickly by serving a copy of this notice on the district judge. Should the district court act on the pending TRO, Petitioner will promptly update this Court. Petitioner has also directly notified opposing counsel and requested that he cease these retaliatory actions. Her requests were ignored, leaving Petitioner with no choice but to seek a protective order in addition to the TRO already pending, which she intends to file but has been delayed from doing so because she is forced to respond to Defendants' gamesmanship in state court.

If the September 25, 2025 state-court hearing proceeds, it will create a constitutional crisis. That hearing involves a Motion for Entry of Default based on an untimely counterclaim filed during an automatic stay and a duplicative Motion to Dismiss already adjudicated twice. The state court has further restricted access to orders, including one entered September 18 that has not been served despite repeated requests, while allowing ex parte communications by opposing counsel

acting under color of law. These are the very constitutional violations underlying Petitioner's § 1983 action, and they continue to escalate.

Unless the TRO is ruled upon in accordance with governing legal standards, Petitioner will be forced to amend her federal complaint to add additional parties, including another judge and the trial court administrator, further increasing the burden on the federal system. Petitioner is not asking this Court to compel the district court to grant the TRO, but only to recognize that continued refusal to provide meaningful consideration of standard protections, despite clear evidence of harm, has enabled Defendants to escalate unconstitutional conduct and retaliation. This is especially troubling because Defendants have already asked the district court to bar amendment, even as they continue to multiply violations in state court. Without timely intervention, it will appear that the federal court is coordinating with opposing counsel to obstruct Petitioner's claims. The denial of mandamus without full review has now placed the federal courts in a position where failure to act risks further erosion of public trust.

Dated: September 19, 2025

_____
/s/ Charity Mainville
Charity Mainville
Petitioner, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608) 215-6654
camainville@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, I served copies of the foregoing

document and attached exhibits by electronic mail to:

**Hon. William Lindsay Osteen Jr.** via Clerk of the Middle District of North
Carolina, Larry Cunningham at Larry_Cunningham@ncmd.uscourts.gov.

All counsel of record in the underlying district court proceedings are

registered CM/ECF users in the Fourth Circuit. Accordingly, they will receive

electronic notice and copies of this filing automatically through the Court's

CM/ECF system.

Dated: September 19, 2025

_____
/s/ Charity Mainville
Charity Mainville
Petitioner, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608) 215-6654
camainville@gmail.com

# EXHIBIT 1

STATE OF NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. 24-CV-022933-910

| | | |
|---|---|---|
| CHARITY MAINVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF OBSTRUCTION AND DUE** |
| | ) | **PROCESS VIOLATIONS** |
| ANNA DE SANTIS and | ) | |
| DE SANTIS RENTALS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Plaintiff, Charity Mainville, pro se, and respectfully provides notice to the Court as follows:

1. Plaintiff has a pending action under 42 U.S.C. § 1983, arising from this case, against Anna De Santis, opposing counsel David Yopp, and District Court Judges Walczyk and Davidian, Chief District Court Judge Eagles, and Eugene Soar (Clerk of the North Carolina Court of Appeals). The suit, filed May 23, 2024, alleges multiple violations of Plaintiff's First and Fourteenth Amendment rights.

2. Because the matter is under federal review and no trial has yet been scheduled, Plaintiff has not sought a formal stay of this state case, as the case was already subject to an automatic stay under N.C. Gen. Stat. § 1-294. This decision also stems from the fact that the underlying state appeal was improperly dismissed without explanation and without disclosure of the judicial panel. The absence of judicial names undermines the validity of the dismissal order and leaves no verifiable basis for closure of the interlocutory appeal.

**PAGE 1 of 16**

**EXHIBIT 1**

3. On July 24, 2025, counsel for Defendant David Yopp filed a Second Motion to Dismiss in federal court containing false representations, including the claim that this state case was closed.

4. On July 31, 2025, Plaintiff filed a response correcting the record and providing documentary evidence that Defendants' filing was misleading.

5. On August 8, 2025, Defendants filed a Motion for Entry of Default claiming Plaintiff failed to answer their counterclaim. The counterclaim itself was untimely and filed March 17, 2025, during an interlocutory stay under N.C. Gen. Stat. § 1-294. Alongside this filing, Defendants also requested the motion be decided without a hearing. This filing appears retaliatory in light of Plaintiff's pending federal action, and calculated either to pressure dismissal of this case or to circumvent the federal proceedings by creating the appearance of default.

6. On August 8, 2025, Plaintiff timely filed a Motion to Strike Defendants' Motion for Entry of Default.

7. On August 12, 2025, Attorney Yopp sent Plaintiff a direct email attempting to arrange a hearing (Exhibit A), despite repeated written instructions not to initiate informal contact. After Plaintiff warned that further contact would result in a motion for protective order, Yopp attempted to circumvent this restriction by relaying communications through the Trial Court Administrator (Exhibit B).

8. Plaintiff formally objected to the hearing request, advised the Court that Defendants' filing was improper, and noted Defendants themselves had requested the motion be decided without a hearing.

**EXHIBIT 1**

9. On August 20, 2025, Plaintiff reiterated her no-contact demand in writing to Attorney representing Defendant Yopp in the federal action, instructing him to advise Yopp to cease direct communications and referencing Yopp's prior improper conduct in this case. Plaintiff's request was ignored. Hours later, Yopp again contacted the Trial Court Administrator (Exhibit B).

10. On September 4, 2025, Defendants served notice of hearing for September 25, 2025 on their Motion for Entry of Default and Motion to Dismiss. This is procedurally improper for multiple reasons. Defendants' Motion to Dismiss had already been filed three times: first in small claims court, where it was denied; again on January 15, 2025, where it was denied on February 17, 2025; and finally on March 14, 2025, as a duplicative motion in violation of Rule 11. Even assuming arguendo that such a motion tolled their response deadline, Defendants mooted their own dismissal motion by filing an Answer, thereby waiving reliance on dismissal and proceeding on the merits. They cannot invoke the pendency of a motion they themselves rendered moot as justification for default.

11. Forcing Plaintiff to respond to this duplicative and inconsistent conduct wastes judicial resources, drains their client's resources, and compels Plaintiff to expend time and money—including taking off work—to attend a hearing that need not occur. Plaintiff has already notified the Court multiple times of her ADA-protected conditions, and compelling attendance at a hearing under these circumstances disregards those accommodations and compounds the prejudice.

12. On September 5, 2025, Plaintiff filed a Supplemental Emergency Request for Ruling without hearing, together with a proposed order and the required WAKE-CVD-05 cover sheet, as her Motion to Strike remained unopposed.

**PAGE 3 of 16**

**EXHIBIT 1**

13. On September 11, 2025, Defendants filed a "Notice of Opposition" to Plaintiff's Emergency Request for Ruling on her Motion to Strike, yet still filed no opposition to the Motion to Strike itself.

14. On September 12, 2025, Plaintiff contacted Amy Turner, Trial Court Administrator, to request the status of her Motion to Strike and received no response.

15. Despite Plaintiff making clear that her request was procedural, opposing counsel continued to exploit administrative and informal channels to argue his case.

16. On the morning of September 16, 2025, Plaintiff again followed up with Turner and still received no response.

17. On the afternoon of September 16, 2025, Plaintiff contacted the Clerk's Office and was informed that the Motion to Strike had been routed to Judge Walczyk for review, despite the Trial Court Administrator being aware Walczyk was disqualified due to conflicts of interest.

18. Later that day, Plaintiff filed a Notice of Conflict and Request for Reassignment, notifying the TCA that routing an emergency motion to a disqualified judge constituted obstruction of justice and coordination with opposing counsel to deny Plaintiff meaningful access to the Court. Plaintiff further warned that if the Court continued to violate her rights, the TCA would also be added to her § 1983 claim. This was a procedural matter, yet opposing counsel continued to insert himself through informal channels, making off-handed comments aimed at painting Plaintiff as aggressive or combative in tone. It is unclear what "tone" Plaintiff is expected to exhibit when her rights have been clearly violated. Counsel's constant interjections, despite the absence of

**PAGE 4 of 16**

**EXHIBIT 1**

any formal opposition to the Motion to Strike, have served only to harass Plaintiff and obstruct her ability to obtain proper judicial review.

19. Afterwards, the TCA informed Plaintiff the motion had been reassigned to Judge Blair Williams and a ruling would be issued promptly.

20. On September 17, 2025, Yopp requested that the TCA provide Judge Williams with a copy of the entire email thread between Plaintiff, Yopp, and the TCA (See Index #172, Exhibit A). While styled as procedural, this thread contains arguments by counsel on matters not formally before the Court. Such a request is improper and constitutes an attempt at ex parte communication. In response, Plaintiff filed a Notice of Improper Ex Parte Communication Attempt.

21. Later that day, Judge Williams issued an order (Index #136) addressing Plaintiff's Motion to Strike and Defendants' Motion for Entry of Default. The order stated that "factual issues exist requiring oral argument," denied Plaintiff's request for an ex parte ruling, and scheduled both motions for hearing on September 25, 2025. Despite the absence of any formal opposition to Plaintiff's Motion to Strike, the court treated the matter as contested. Although the order was emailed and mailed to Plaintiff, it has not been posted on the public eCourts docket, in violation of Rule 5(a)(2).

22. In response, Plaintiff filed a Motion for Reconsideration of the September 17 Order. Because Judge Williams was newly assigned to this case, it was unclear whether the Court had been fully apprised of Plaintiff's existing ADA accommodation requests. Plaintiff sought reconsideration to ensure those accommodations were respected, emphasizing that compelling her to attend a contested hearing particularly in the context of ongoing harassment and abusive tactics by opposing counsel would inflict undue

**EXHIBIT 1**

prejudice. Plaintiff further argued that no factual disputes existed requiring oral argument. Defendants' counterclaim and Motion for Entry of Default were untimely under the automatic stay of N.C. Gen. Stat. § 1-294, and Defendants' Motion to Dismiss had already been denied. Plaintiff therefore requested that the Motion to Strike be ruled on the papers and, if a hearing were nevertheless required, that the Order expressly acknowledge the denial of her ADA accommodation request.

23. Also on September 17, 2025, Plaintiff filed a Motion for Sanctions under Rule 11. She asserted that Defendants' Motion for Entry of Default lacked any legal basis, that Defendants had filed a duplicative Motion to Dismiss (the March 14, 2025 motion) after a similar motion had already been denied on January 15, 2025, and that this pattern of repetitive filings constituted harassment and an attempt to pressure dismissal. Plaintiff contended that Defendants' conduct violated Rule 11 and warranted sanctions.

24. Later on September 17, Attorney Yopp emailed the Trial Court Administrator stating that "all this back and forth over motions that are scheduled for hearing is wasting my clients' resources" and asked whether Judge Williams wanted a response to Plaintiff's Motion for Reconsideration. He wrote that he would "gladly provide a response if requested" and otherwise would address Plaintiff's contentions at the hearing. The Trial Court Administrator replied that she would not pose the question to the judge. Yopp's statement was hypocritical because he blamed Plaintiff for wasting resources while it was Defendants who multiplied the proceedings through duplicative motions, frivolous filings, and forcing unnecessary hearings. Plaintiff has repeatedly notified the Court that these tactics waste judicial resources, their client's resources, and her own time and money.

**PAGE 6 of 16**

**EXHIBIT 1**

25. Plaintiff notified the TCA and Yopp that if a response was filed she would immediately move to strike it from the record. Even so, Defendants filed a written opposition without any court order permitting such a filing. This was improper under Rule 7, which does not allow responses to motions for reconsideration unless the Court orders it. Plaintiff promptly objected and stated that she would preserve this irregularity for the record and for her federal case. Yopp filed the opposition at 5:40 p.m. on September 17 but did not send a courtesy copy to either Plaintiff or the TCA. He waited until the next morning, after the filing was accepted on the docket at 8:06 a.m. on September 18, before forwarding a copy at 8:14 a.m. This sequence highlights a deliberate attempt to create procedural disadvantage by ensuring the response was docketed before Plaintiff had any notice.

26. That evening, while checking the eDocket to download stamped copies for a federal filing, Plaintiff discovered that an order on her Motion for Reconsideration had already been entered on September 18 at 9:34 a.m., exactly twenty minutes after Yopp's improper response was accepted on the docket. This deprived Plaintiff of any opportunity to strike the response before the Court acted. Plaintiff was unaware of the order because it was never served upon her. The order also bears no certificate of service and is not accessible on the public eCourts docket. These omissions violate Rule 5(a) and Rule 5(a2) of the North Carolina Rules of Civil Procedure, which require service of orders and public posting where electronic service is used. Furthermore, the TCA failed to notify Plaintiff when she provided a courtesy copy of the Motion to Strike. The absence of service obstructs Plaintiff's ability to know the status of her motion and prejudices her right to respond or appeal. Plaintiff infers her motion was denied because the September 25

**PAGE 7 of 16**

## EXHIBIT 1

hearing remains on calendar. It should further be noted that Plaintiff's Motion for
Sanctions has also been added to the hearing without notice from the TCA that it was
accepted.

27. Plaintiff maintains that routing her emergency motion to a disqualified judge, accepting
ex parte communications and unauthorized opposition filings from Defendants, failing to
serve orders, and refusing to post orders publicly constitute deliberate obstruction of
justice, denial of procedural due process, and violations of her Title II ADA rights. This is
now the third time an order has not been properly served upon Plaintiff, and each instance
has involved an order that was either improper on its face or issued in violation of her
rights. It is also the second time Defendants have filed an improper submission designed
to block Plaintiff's access to fair adjudication, followed immediately by a judicial order
entered without allowing Plaintiff an opportunity to respond. These repeated irregularities
establish a pattern of misconduct and strongly support Plaintiff's claim that opposing
counsel is acting under color of law in coordination with court staff and judicial officers.

28. The pattern of misconduct, including filing duplicative and meritless motions, attempting
to use procedural maneuvers to evade the automatic stay, insisting on unnecessary
hearings, and disregarding Plaintiff's ADA-protected conditions appears intended to
harass Plaintiff, exhaust her resources, and undermine her federal action.  Plaintiff
reserves all rights and intends to present these matters to the federal court and to
appropriate disciplinary authorities.

## <u>CONCLUSION</u>

This Notice has been filed to document and preserve for the record the pattern of
misconduct that has occurred in this matter over the past thirty days. Counsel Yopp has

**EXHIBIT 1**

repeatedly violated professional rules of conduct through duplicative and meritless filings, improper communications, and efforts to paint Plaintiff as combative rather than addressing the merits. Such conduct is not only unbecoming of this Court but rises to the level of obstruction of justice. Routing an emergency motion to a judge disqualified by conflict of interest, accepting improper filings, and withholding service of orders are not mere procedural errors. They are actions that undermine due process, violate Plaintiff's constitutional rights, and, if intentional, constitute criminal misconduct under color of law. This Court has an obligation to safeguard the integrity of the judicial process, not participate in or enable its corruption.

The cumulative effect is to position Plaintiff in a prejudiced manner that denies her a fair hearing on September 25. Plaintiff makes clear that she understands the law and has repeatedly demonstrated a deeper command of the record than Yopp, despite the Court continuing to underestimate her. She stresses that there is no factual or legal basis to support entry of default. If this Court intends to rule otherwise, it must provide explicit legal authority that justifies untimely counterclaims, duplicative motions already denied, and the harassment of a pro se litigant with recognized ADA accommodations. Absent such authority, any ruling in Defendants' favor will be challenged in federal court, and, if necessary, Plaintiff will seek review before the United States Supreme Court and in the court of public opinion. Plaintiff will not abandon her right to meaningful access to justice.

Respectfully submitted this 19th day of September, 2025.

Charity Mainville
Plaintiff, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608) 215-6654
camainville@gmail.com

**PAGE 9 of 16**

# EXHIBIT 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this Notice of Obstruction and Due Process

Violations  was served upon all parties as follows:

1. To Anna De Santis and De Santis Rentals LLC, through their attorney of record, David

   Micheal Yopp, via eFile and eServe through the North Carolina eFiling system.

This the 19th day of September, 2025.

Charity Mainville
Plaintiff, Pro Se
2025 Watchorn St, Apt 504
Durham, NC 27703
(608) 215-6654
camainville@gmail.com

**EXHIBIT 1**

**Scheduling motions in district court**      <u>EXHIBIT A</u>

4 messages

---

**David M. Yopp** <dmyopp@hatchlittlebunn.com>      Tue, Aug 12, 2025 at 1:18 PM
To: "Ms. Charity A. Mainville" <camainville@gmail.com>

Charity:

I'm going to schedule a hearing on Defendants' motion to dismiss (filed on March 14, 2025) and motion for entry of default (filed on August 8, 2025). Given the calendaring deadlines, and that Judges Eagles, Walczyk, and Davidian should not hear the motions due to your pending federal action, I'm planning to schedule the motions for hearing before Judge Williams on September 25, 2025. It will be a virtual hearing. Please let me know if you have a conflict on that day. I'm going to submit a calendar request to Amy Turner and will copy you.

Thank you.

David

---

**Charity Mainville** <camainville@gmail.com>      Tue, Aug 12, 2025 at 1:30 PM
To: "David M. Yopp" <dmyopp@hatchlittlebunn.com>

David,

Your email concerns matters that are the subject of pending federal litigation in which you are a named defendant. I will not engage in direct communications with you regarding this case. Please direct any communications through the court.

Thank you,

## Charity Mainville

c: 608.215.6654

---

**David M. Yopp** <dmyopp@hatchlittlebunn.com>      Tue, Aug 12, 2025 at 1:36 PM
To: Charity Mainville <camainville@gmail.com>

Thank you, Charity, for the quick reply. It is not the Court's responsibility to facilitate communications between us, though I realize we've largely reduced communication to court filings. Regarding scheduling matters, I'll continue extending you the same courtesy that I extend every other party and attorney (advance notice of my intent to schedule a hearing, so that conflicts can be discussed and resolved). I'll copy you on the calendaring email soon.

David

Attorney

[Quoted text hidden]

---

**Charity Mainville** <camainville@gmail.com>     **PAGE 11 of 16**     Tue, Aug 12, 2025 at 1:58 PM

To: "David M. Yopp" <dmyopp@hatchlittlebunn.com>    **EXHIBIT 1**

David,

This will be my final direct communication to you. I have repeatedly requested that you cease sending emails that mischaracterize events, attempt to reframe my objections as unreasonable, and otherwise constitute harassment. If your intent were courtesy, you would have provided a copy of your improper motion for entry of default, which you did not.

Given the pending federal litigation in which you are a named defendant, and the fact that this case arises from the same underlying matter, direct contact is inappropriate and raises serious concerns under the North Carolina Rules of Professional Conduct, including Rules 4.2, 4.4(a), and 8.4(d). I will be updating my pending grievance accordingly. My reference to "communications through the court" means that when you file something, I will receive it through proper service and respond through appropriate channels—not that I expect the court to act as a go-between.

I will also be notifying the federal court of this communication, including that you are attempting to advance motions filed during what was an automatic stay, rendering them void. Any ruling on such motions would be improper and unnecessarily complicate the litigation.

Thank you,

**Charity Mainville**

[Quoted text hidden]

# EXHIBIT 1

## Mainville v. De Santis; 24 CV 022933-910 (request for September 25, 2025 hearing)

8 messages

---

**David M. Yopp** <dmyopp@hatchlittlebunn.com>         Tue, Aug 12, 2025 at 1:56 PM
To: "calendarrequestswake@nccourts.org" <calendarrequestswake@nccourts.org>
Cc: "Ms. Charity A. Mainville" <camainville@gmail.com>, "Turner, Amy L." <amy.l.turner@nccourts.org>

Good afternoon:

Please see the attached calendar request to place motions on the September 25 calendar. I picked that date, in part, so the motions can be heard by Judge Williams. Given that judicial assignments often change, please note that Judges Eagles, Walczyk, and Davidian should not hear the motions because they are currently named in a federal lawsuit filed by Plaintiff Mainville (I'm named in the suit as well).

I told Ms. Mainville about my calendar request. She asked that all communications about the matter be directed to the Court. So, she respond if she has a conflict with the September 25 setting.

Amy Turner is copied here.

Take care.

David

📄 **Signed_Calendar Request_De Santis_Mainville.pdf**
395K

---

**Charity Mainville** <camainville@gmail.com>         Tue, Aug 12, 2025 at 2:18 PM
To: "David M. Yopp" <dmyopp@hatchlittlebunn.com>
Cc: "calendarrequestswake@nccourts.org" <calendarrequestswake@nccourts.org>, "Turner, Amy L." <amy.l.turner@nccourts.org>

Ms. Turner,

I object to the September 25, 2025 setting or any hearing on the pending motions, for the reasons stated in my previously filed Notice of Automatic Stay and Improper Filings. The motion to dismiss has already been ruled on, and the motion for entry of default is invalid because Mr. Yopp's answer was late. If anything, that would entitle me to file my own motion for entry of default, which I have not done because this issue is currently being argued in federal court and I have a pending TRO seeking to enjoin further state proceedings.

Notably, the cover sheet (attached) for Mr. Yopp's motion for entry of default, filed August 8, 2025, expressly stated that "no hearing is required." His subsequent request to now set that same motion for hearing underscores my position that the motion is improper and should not be placed on the calendar.

There is no trial date set in this matter. If Mr. Yopp intends to schedule hearings, a trial date should also be set to ensure his client will be back in the country and available to appear.

Please preserve this objection in the case file.          **EXHIBIT 1**

Thank you,

**Charity Mainville**


     📄 **cover-sheet.pdf**
       296K

---

**David M. Yopp** <dmyopp@hatchlittlebunn.com>                    Tue, Aug 12, 2025 at 2:32 PM
To: Charity Mainville <camainville@gmail.com>
Cc: "calendarrequestswake@nccourts.org" <calendarrequestswake@nccourts.org>, "Turner, Amy L."
<amy.l.turner@nccourts.org>

Amy:


I won't put you in the middle of arguments between the parties on the merits of pending motions.


Regarding my request for a hearing, the Clerk could have entered default against Ms. Mainville without a hearing. That's why the cover sheet contains the "no hearing required" language. But since Ms. Mainville filed a motion to strike Defendants' motion for entry of default (which is essentially an objection to it), I believe the matter will be referred to a Wake County District Court Judge.


I'm requesting a hearing so that an order can be entered on the motion for entry of default. To be efficient, I'm asking that Defendants' pending motion to dismiss be heard at the same time.


Thank you.


David

---

**Charity Mainville** <camainville@gmail.com>                    Tue, Aug 12, 2025 at 3:58 PM
To: "David M. Yopp" <dmyopp@hatchlittlebunn.com>
Cc: "calendarrequestswake@nccourts.org" <calendarrequestswake@nccourts.org>, "Turner, Amy L."
<amy.l.turner@nccourts.org>


There is no argument.  I have already directed Mr. Yopp not to contact me by email because he is an opposing party in pending federal litigation arising from this case, and that all communications should occur through formal channels. His response here disregards that directive and is inappropriate.

I stated my position on the calendar request to preserve it in the record, not to invite further informal exchange. Mr. Yopp filed a formal request indicating no hearing was required without contacting me first, and is now attempting to bypass that by using informal channels because I objected. These practices directly support my federal claims.

As I stated last time, I will not continue to engage in informal discussions. If a hearing is scheduled, I will respond appropriately through formal filings.

Thank you,          **PAGE 14 of 16**

**EXHIBIT 1**

## Charity Mainville

[Quoted text hidden]

**David M. Yopp** <dmyopp@hatchlittlebunn.com>                    Tue, Aug 12, 2025 at 4:08 PM
To: Charity Mainville <camainville@gmail.com>
Cc: "calendarrequestswake@nccourts.org" <calendarrequestswake@nccourts.org>, "Turner, Amy L."
<amy.l.turner@nccourts.org>

Unless the Court requests additional information, I have nothing else to say on the calendar request, except to reiterate that I believe a hearing is necessary because Ms. Mainville objects to my motion for entry of default.

Thank you.

David

[Quoted text hidden]

**David M. Yopp** <dmyopp@hatchlittlebunn.com>                    Wed, Aug 20, 2025 at 1:46 PM
To: Charity Mainville <camainville@gmail.com>
Cc: "calendarrequestswake@nccourts.org" <calendarrequestswake@nccourts.org>, "Turner, Amy L."
<amy.l.turner@nccourts.org>

Good afternoon, Amy:

I'm just following up to see where things stand with my calendar request for a hearing on September 25.

Thank you.

David

[Quoted text hidden]

**Turner, Amy L.** <amy.l.turner@nccourts.org>                    Wed, Aug 20, 2025 at 1:48 PM
To: "David M. Yopp" <dmyopp@hatchlittlebunn.com>, Charity Mainville <camainville@gmail.com>
Cc: "Wake.SCJ.Calendar Requests" <CalendarRequestsWake@nccourts.org>

Hearing dates for that session will not be entered until next week.

Sincerely,

**PAGE 15 of 16**

**Amy L. Turner**

**EXHIBIT 1**

**Trial Court Coordinator**


IMPORTANT ANNOUNCEMENTS:


COURTROOM 9C MOTIONS SCHEDULED ON THURSDAYS WILL BE HEARD REMOTELY UNTIL FURTHER NOTICE VIA www.webex.com with Join Meeting Number: 126 492 0712


**ATTENTION ATTORNEYS:   Your email and mailing address on file with the NC State Bar is your service address for Wake County cases. See Attorney Service Contact Cover Memo and Attachment and Administrative Order 23R001278-910.  You email address on file with the NC State Bar will be used for service of Trial Notices for District Court matters.**


Local Wake County Civil Information:

Please refer to  www.nccourts.gov/WakeTCA  for answers to many of your questions.   You will find the GENERAL CIVIL DISTRICT COURT SESSION SCHEDULES  (COURT DATES, JUDGE ASSIGNMENTS, & DEADLINES FOR CALENDAR REQUESTS) at this page.   Select Local Administrative Schedules, and then under Wake County District Court Six Month Schedules choose the link for Civil District Court 9C Schedule.


PLEASE REFER TO THIS PAGE FOR TIPS ON ELECTRONIC FILING: https://www.nccourts.gov/locations/wake-county/wake-county-ecourts-information#tips


E-Courts Information:

https://www.nccourts.gov/locations/wake-county/wake-county-ecourts-information


E-Courts Public Portal (for access to your case)

https://portal-nc.tylertech.cloud/Portal/


**David M. Yopp** <dmyopp@hatchlittlebunn.com>                    Wed, Aug 20, 2025 at 1:50 PM
To: "Turner, Amy L." <amy.l.turner@nccourts.org>, Charity Mainville <camainville@gmail.com>
Cc: "Wake.SCJ.Calendar Requests" <CalendarRequestsWake@nccourts.org>

**Got it. Thank you.**